**PROIE BROTHERS, INC., a Pennsylvania corporation, and John Proie, Plaintiffs,**

v.

**Frank PROIE, Defendant.**

**Civ. A. No. 67-198.**

United States District Court W. D. Pennsylvania.

Dec. 3, 1968.

682

Joseph W. Conway, of Suto, Power, Balzarini & Walsh, Pittsburgh, Pa., for plaintiffs.

Gilbert E. Morcroft, Pittsburgh, Pa., for defendant.

## OPINION AND ORDER

MARSH, District Judge.

A jury returned verdicts for the plaintiffs in this case and judgments were entered thereon. The defendant has filed a motion for new trial which we think should be denied.

One of the grounds, listed by defendant, for his motion is that the verdicts were against the weight of the credible evidence as to liability.

■ The evidence, when viewed in the light most favorable to the plaintiffs, is that on September 1, 1960, defendant, Frank Proie, and plaintiff, Proie Brothers, Inc., entered into a written agreement whereby defendant agreed to purchase and plaintiff, Proie Brothers, Inc., agreed to sell 5,888 shares of the common stock of the Pittsburgh Sheet Metal Duct Company (PSMD) for $33,443.84, or $5.68 per share.[1] This agreement provided for monthly installment payments of $557.39 beginning on January 15, 1961. On the same date, defendant Frank Proie and plaintiff, John Proie, entered into a written agreement whereby defendant agreed to purchase and plaintiff John Proie agreed to sell

3,078 shares of common stock of PSMD for $17,483.04, or $5.68 per share.[2] This agreement provided for monthly installment payments of $291.38 beginning on January 15, 1961. Both agreements defined a default as "a monthly payment that is 12 months overdue, commencing with the last day of the month in which the payment was due." Both agreements provided that the principal amounts owed by defendant would be secured by pledges of the PSMD stock sold to defendant. and defendant's common stock in Proie Brothers, Inc. The defendant never paid any installments due under the agreements. The plaintiffs' evidence, as thus summarized, was sufficient to support the jury's verdicts for the plaintiffs.

■ The defense pleaded was accord and satisfaction. On this issue the testimony of Frank Proie and John Proie was completely contradictory. The jury rejected the defendant's version and there is no reason to disturb its findings.

The other two reasons advanced for granting defendant's motion will be discussed together because they relate to the same proposed evidence.

At trial, counsel for the defendant offered to prove through oral evidence that:

"At the time the parties came together with Mr. Stonage, at the Proie Brothers' plant, to execute the agreement, the objection was made by Frank Proie that it did not provide, as had been agreed upon, for an immediate exchange of the stock. At that time Mr. John Proie explained to him that Proie Brothers and the plaintiff, John Proie, had learned from the accountants that such provision could not be made, and that Frank should go ahead and sign the agreement; that he knew what the agreement was on the matter, and to show his good faith he had not requested that there be included in the agreement any provision whatsoever

---

1. Plaintiffs' Ex. No. 1.

2. Plaintiffs' Ex. No. 2.

for the transfer of real estate on Brighton Road, owned by Pittsburgh Sheet Metal Duct Company, to Proie Brothers, although it was their agreement that this real estate was to be conveyed, and if he was willing to trust Frank Proie to that extent, Frank should be willing to trust him to the extent of signing the agreement in the form in which it was.

"Mr. Stonage would testify that the agreement was signed by Frank on this basis; that the only understanding between the parties was that the written agreement was signed upon this basis, and that in accordance with his promise orally made at this time Frank Proie, shortly thereafter, did cause Pittsburgh Sheet Metal Duct Company to convey the real estate on Brighton Road to Proie Brothers." (Transcript of Excerpt of Proceedings, pp. 3–4.)

█ The court sustained the plaintiffs' objection to this offer [3] and denied defendant's motion to amend his pleadings to include this new defense.[4] Defendant insists that these rulings constituted error. It is our opinion that in the circumstances they were warranted.

█ This proof might have been introduced for two purposes: (1) to prove that defendant did not agree to give consideration in the form of money, and (2) to establish the defense of fraud.[5] It was incompetent for either purpose. It is well established that, absent fraud, accident or mistake, parol evidence of prior or contemporaneous agreements is not admissible to contradict or vary the terms of a written instrument. Gianni v. Russel, 281 Pa. 320, 126 A. 791 (1924); see: Murray, The Parol Evidence Rule: A Clarification, 4 Duquesne L.Rev. 337 (1966). In this case, the proposed testimony would have contradicted the written agreements of September 1, 1960 in at least two respects: it would have proved that money was not owed by defendant, and it would have proved that the Proie Brothers, Inc. stock held by plaintiffs as collateral was not pledged by defendant but was transferred by him to the plaintiffs. These elements of proof would have directly contradicted the clear terms of the written agreements.

█ If defendant could have proved fraud, the parol evidence would have been competent. One of the essential elements of fraud is a misstatement of a past or present material fact. This element was lacking in defendant's offer. A breach of faith or of an agreement regarding the doing or refraining from doing something in the future is not fraud. Palone v. Moschetta, 387 Pa. 386, 128 A.2d 37 (1956). Furthermore, the proposed evidence would have negated the issue of fraud since it was to the effect that defendant not only knew

3. During oral argument on defendant's motion, counsel for the defendant brought to the attention of the court the fact that plaintiffs' counsel did not say "I object" to the defendant's offer of proof, and that this omission is a basis for granting defendant's motion. Although the usual form of an objection to evidence was not employed by plaintiffs' counsel, the record is clear that he did object to the defendant's offer of proof. See: Transcript of Excerpt from Proceedings, pp. 5, 7–8. The words "I object" do not appear in the record, but a reading of the relevant part of the transcript reveals that both court and counsel for the defendant interpreted plaintiffs' counsel's words as an objection to defendant's offer. The defendant at trial did not advise the court of the alleged omission; he did not mention it in his motion for a new trial or in his brief. Assuming, arguendo, that there is a defect in the record, since it does not affect the substantial rights of the parties, the defect must be disregarded. Rule 61, Fed.R.Civ.P.

4. Although no formal motion to amend defendant's answer was made, we treat counsel's statement, "I think that under Rule 15(b) I can ask leave to amend, as to an additional count of fraud in the securing and execution of this agreement", as a motion to amend defendant's answer. (See: Transcript of Excerpt from Proceedings, p. 4.)

5. The only purpose for which this evidence was advanced by defendant was to prove fraud. (Transcript of Excerpt from Proceedings, p. 4.)

what he was signing but also that he had a complete understanding of his obligations as recited by the writings.

 The offer of proof was also violative of Local Rule 5–II–J and the Order of Court Fixing Pretrial Procedure, ¶ 9(c), which states:

"(c) Failure to fully disclose in the narrative written statement or at the pretrial conference the substance of the evidence as to liability, defenses, and damages proposed to be offered at the trial will result in the exclusion of that evidence at the trial. The only exceptions will be (1) matters which the court determines were not discoverable at the time of the pretrial conference, (2) privileged matter, and (3) matter to be used solely for impeaching purposes. * * *."

Neither in defendant's pleadings nor at pretrial did he allege or so much as allude to the new defense. The first time that defendant asserted the additional defense was near the end of the trial. It was a complete surprise to counsel for the plaintiffs and the court, and allowance of the proof offered by defendant would therefore have been highly prejudicial to the plaintiffs. None of the exceptions contained in ¶ 9(c) of the Order of Court Fixing Pretrial Procedure, or Local Rule 5–II–J, applied in this case. The new evidence was not privileged matter; it was not to be used for impeachment purposes; and the new defense, if it was *bona fide*, must have been known to defendant and discoverable long before the pretrial conference. Accordingly, the objection to defendant's offer of proof was properly sustained.

 Rule 15(b), Fed.R.Civ.P., directs the court to freely allow amendments to pleadings when a party objects to evidence on the ground that it is not within the issues made by the pleadings if the presentation of the merits of the action will be thereby subserved. Clearly, this was not the case with defendant's motion to amend. The plaintiffs' objection was that if the amendment were allowed, the evidence support-

ing it would violate the parol evidence rule, and this objection was well taken. Had defendant been permitted to amend, any evidence presented under his new theory would have been inadmissible. The amendment would thus have been a futile act. It is our opinion that the denial of defendant's motion to amend was justified.

An appropriate order will be entered.

